UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>JORGE PEREZ,<br><br>            Defendant. | Case No.: 1:24-cr-00055 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 803) |

Jorge Perez is a federal prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(2) and the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 803.) The government opposes the motion. (Doc. 805.) For the reasons set forth below, the motion is **DENIED**.

**I.     Background**

On February 24, 2025, Defendant pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Docs. 445, 527.) In advance of sentencing, the probation officer filed a Presentence Investigation Report. (PSR, Doc. 611.) The PSR assigned a total offense level of 31, which included a two-level increase under U.S.S.G. § 2D1.1(b)(1) based on Defendant's possession of a firearm at the time of the offense, a two-level reduction under U.S.S.G. § 3B1.2(b) for his role as a minor participant in the conspiracy, and a three-level reduction based on his acceptance of responsibility. (*Id.* ¶¶ 28-37.) The PSR, filed in May 2025,

assigned two criminal history points based on Defendant's prior criminal conviction, which resulted in a criminal history score of 2 and placed Defendant in criminal history category II. (*See id*. ¶¶ 45-48.) He received no status points. (*See id.*) Based on Defendant's offense level and criminal history category, the advisory sentencing guideline range was 121 to 151 months. (*Id.* ¶ 74.)

At Defendant's sentencing hearing on July 28, 2025, the Court adopted the probation officer's findings in the PSR without change and imposed a sentence below the applicable guideline range for the reasons stated in Sections V and VI of the Statement of Reasons. (*See* Statement of Reasons at 1-3.) Defendant was sentenced to 78 months in custody followed by 24 months of supervised release with conditions (unsupervised, if deported). (Docs. 701, 706.)

## II.     Discussion

Effective November 1, 2023, Amendment 821 amended two provisions of the Sentencing Guidelines—"parts A and B, subpart 1"—which applied retroactively. *See* U.S.S.G. § 1B1.10(d) (2023); *see also* U.S.S.G. § 1B1.10(e)(2). Part A reduces the number of "status points" assigned to certain defendants who committed their offense while under a criminal justice sentence, thereby lowering the impact on the defendant's criminal history. *See* U.S.S.G. § 4A1.1.[1] Part B, subpart 1 includes what now appears in U.S.S.G. § 4C1.1 as the "zero-point offender" provision, which provides a two offense-level reduction for certain offenders who present zero criminal history points and satisfy certain criteria as set forth at U.S.S.G. § 4C1.1(a).

Defendant seeks relief under Part B, subpart 1. However, he is not a "zero-point offender." Indeed, he received two criminal history points based on a prior conviction. (*See* PSR ¶ 46.) The PSR's offense level computation also included a two-level increase pursuant to U.S.S.G. §2D1.1(b)(1) based on Defendant's possession of a firearm "while transporting drug proceeds to San Diego." (PSR ¶ 29.) Therefore, Defendant has failed to demonstrate that he "did not receive any criminal history points" or that he "did not possess … a firearm … in connection with the offense." U.S.S.G. §§ 4C1.1(a)(1), (7). Because Defendant has not demonstrated that he meets all of the criteria set forth at U.S.S.G. § 4C1.1(a), he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on

---

[1] Though Defendant does not invoke Part A, the Court adds that he is ineligible for relief under this provision, as he was not assigned any status points at sentencing. (*See* PSR ¶¶ 46-47; SOR at 1.)

the "zero-point offender" provision of Amendment 821.

In addition, Amendment 821 was already considered when Defendant's guideline sentencing range was calculated. As noted above, the PSR was filed in May 2025, after Amendment 821 took effect. When Defendant was sentenced in July 2025, the Court adopted the findings in the PSR without change, which indicates that "[t]he 2024 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level." (SOR at 1; PSR ¶ 27, citing U.S.S.G. § 1B1.11.)[2] Therefore, Defendant may not rely on Amendment 821 as a basis for compassionate release.

### III.     Conclusion and Order

Based upon the foregoing, Defendant's motion for a sentence reduction (Doc. 803) is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 31, 2025**                                    _____
                                                                                       UNITED STATES DISTRICT JUDGE

---

[2] Section 1B1.11 requires sentencing judges to "use the Guidelines Manual in effect on the date that the defendant is sentenced." U.S.S.G. § 1B1.11(a).

3